**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Bennett Laquan Williams,

                Plaintiff,

v.

Charles L. Ryan, et al.,

                Defendants.

No.   CV 20-00068-PHX-MTL (DMF)

**ORDER**

      Plaintiff Bennett Laquan Williams, who is confined in the Arizona State Prison Complex-Eyman, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2).  The Court will dismiss the Complaint with leave to amend.

**I.     Application to Proceed In Forma Pauperis and Filing Fee**

      The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.   28 U.S.C. § 1915(a).   Plaintiff must pay the statutory filing fee of $350.00.   28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $7.74.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

. . . .

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**III.     Complaint**

Plaintiff names former Arizona Department of Corrections (ADC) Director Charles L. Ryan, Grievance Coordinator Miller, Deputy Warden Ping, and Property Officer Comacho as Defendants in his five-count Complaint. Plaintiff seeks money damages.

In Count One, Plaintiff alleges Defendant Ryan violated his First Amendment rights by confiscating compact discs (CDs) containing evidence in his criminal case. Plaintiff states he raised this claim in a previously filed case, CV 18-02274-PHX-MTL (DMF),[1] but Ryan was dismissed "for failure to show personal involvement." Plaintiff claims that in light of "newly discovered evidence with the recent ruling in News v. Ryan CV 02245-PHX-ROS (Nov. 2019)," he is "refiling the complaint against Charles Ryan and his subordinates because the Ninth Cir. has instructed that § 1983 allows a Plaintiff to impose liability upon a supervisor/director who creates, promulgates implements and advances the operations of a policy that's unconstitutional." Plaintiff further states that on May 12, 2016, he was charged with new crimes while incarcerated and the evidence that was taken from him "was pertinent to that fact." Plaintiff asserts he "expressed to the administration/director that he was in dire need of his evidence because he was in the middle of preparing for his appeal." Plaintiff contends Defendant Ryan "failed [in] his duty to provide 'legal care' by not acknowledging provisions within his policy such as (D.O.) 914.6.18(B) which states a legal publication taken from a court case shall not be

---

[1] In a July 5, 2019 Order in CV 18-02274-PHX-MTL (DMF), the Court dismissed Defendant Ryan without prejudice, ordered service on Defendant Ulibarri, and required Defendant Ulibarri to answer the Second Amended Complaint. Defendant Ulibarri returned the Waiver of Service but did not file an answer. In a February 10, 2020 Order, the Court entered default against Defendant Ulibarri.

withheld if the unauthorized content is reasonabl[y] necessary to understand the fundamental issue."

In Count Two, Plaintiff claims Defendant Miller violated his First Amendment rights when, while investigating Plaintiff's grievances regarding the confiscated CDs, he failed to "resolve the issue in dispute as well as to provide a duty of 'legal care.'" Plaintiff further claims his evidence was confiscated under Department Order 914.07, and claims this policy was found unconstitutional in *News v. Ryan*, CV 15-02245-PHX-ROS. Plaintiff asserts that as a result, he was unable to meet the filing deadline for his state Rule 32 post-conviction petition.

In Count Three, Plaintiff alleges Defendant Ping violated his First Amendment rights when, while investigating Plaintiff's grievance regarding the loss and destruction of his legal CDs, Defendant Ping failed to "resolve any dispute as well as to provide a duty of 'legal care' to prohibit any wrongdoing to Mr. Williams." Plaintiff claims Defendant Ping "failed to acknowledge other provisions within the policy such as (D.O.) 914.6.18(B) which states a legal publication taken from a court case shall not be withheld if the unauthorized content is reasonabl[y] necessary to understand the fundamental issue." Plaintiff further claims his evidence was confiscated under Department Order 914.07, and claims this policy was found unconstitutional in *News v. Ryan*, CV 15-02245-PHX-ROS. Plaintiff asserts that as a result, he was unable to meet the filing deadline for his state Rule 32 post-conviction petition.

In Count Four, Plaintiff alleges Defendant Comacho violated his Fourteenth Amendment rights when he failed to "keep property safe and secured and as a result the property ended up being lost/destroyed." Plaintiff states he had submitted eight CDs for review and Defendant Comacho was only able to locate seven. Defendant Comacho told Plaintiff there was no proof he had submitted eight CDs.

In Count Five, Plaintiff claims Defendants Ryan, Ping, Miller, and Comacho violated his Fourteenth Amendment rights by "trespassing on a case, a tort claim." Plaintiff states that on April 27, 2018, ADC staff confiscated his legal property, "claiming the

evidence in his case file violated (DO) 914.07." Plaintiff states he was in the middle of preparing his appeal. Plaintiff grieved the issue. The final response from the Director's Office stated Plaintiff's legal property would not be returned and would be held until Plaintiff's release date. Plaintiff inquired as to the number of CDs "in their possession, because policy states contraband will be destroyed after 90 days." Plaintiff contends Defendant Comacho located only seven CDs. Plaintiff grieved the issue and was told in a final response from the Director's Office that there was "no proof as to how many CD[]s [Plaintiff] submitted for review." Plaintiff alleges records show he submitted eight CDs. Plaintiff argues Defendants "trespassed on the Plaintiff's case" and "failed in their duty to provide 'legal care'/ or 'due care,' by not acknowledging provisions within their policy such as a legal publication taken from a court case shall not be withheld if the unauthorized content is reasonabl[y] necessary to understand the fundamental issue."

**IV.    Failure to State a Claim**

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*.

The right of meaningful access to the courts prohibits officials from actively interfering with inmates' attempts to prepare or file legal documents. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). The right of access to the courts is only a right to bring petitions or complaints to federal court and not a right to discover such claims or even to ligate them effectively once filed with a court. *Id*. at 354. The right "guarantees no particular methodology but rather the conferral of a capability–the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Id*. at 356.

As a matter of standing, for an access-to-courts claim, a plaintiff must show that he suffered an "actual injury" with respect to contemplated litigation. *Id*. at 349. To show

actual injury with respect to contemplated litigation, the plaintiff must demonstrate that the defendants' conduct frustrated or impeded him from bringing to court a nonfrivolous claim that he wished to present. *Id.* at 352-53. The nonfrivolous claim must be a direct or collateral attack on the inmate's sentence or a challenge to the conditions of his confinement. *Id.* "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* (emphasis in original).

### A. Count One

In Count One, Plaintiff appears to allege both that the policy requiring confiscation of his legal CDs is unconstitutional and that individual correctional officers failed to follow established policies. To the extent Plaintiff argues the policy is unconstitutional, Plaintiff does not specific allege facts supporting that claim or explain how the policy violated his constitutional rights. To the extent Plaintiff claims individual officers failed to follow established policies, these allegations do not support his contention that the policy itself is unconstitutional.

Further, Plaintiff has not alleged sufficient facts to state an access to courts claim; he does not describe the information on his legal CDs or why the CDs were required to prepare a Rule 32 petition, does not clearly state who confiscated the CDs and reasons given, or when the CDs were confiscated. Although Plaintiff claims the CDs were also "pertinent" to new charges brought against him while incarcerated, Plaintiff does not describe those charges or explain how deprivation of the CDs prevented him from challenging the new charges or what actual injury he suffered with respect to the new charges. Plaintiff's allegations in Count One are too vague to state a claim.

Moreover, to the extent Plaintiff claims the policy at issue in this case was found facially unconstitutional in *Prison Legal News v. Ryan*, CV 15-02245, the portions of the judgment and injunction entered in that case that would be relevant to Plaintiff's claims have been stayed pending appeal. (*See* Doc. 325 at 6 in CV 15-02245-PHX-ROS.)

. . . .

## B. Counts Two and Three

In Counts Two and Three, Plaintiff alleges Defendants Miller and Ping failed to resolve his grievances and failed "to provide a duty of legal care to prohibit any wrongdoing to [Plaintiff]." Prisoners have a First Amendment right to file prison grievances, *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005), but "[t]here is no legitimate claim of entitlement to a grievance procedure," *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), and the failure to follow grievance procedures does not give rise to a due process claim. *See Flournoy v. Fairman*, 897 F. Supp. 350, 354 (N.D. Ill. 1995) (jail grievance procedures did not create a substantive right enforceable under § 1983); *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986) (violations of grievance system procedures do not deprive inmates of constitutional rights). "[N]o constitutional right was violated by the defendants' failure, if any, to process all of the grievances [plaintiff] submitted for consideration." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). In addition, "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials. Moreover, the First Amendment's right to redress of grievances is satisfied by the availability of a judicial remedy." *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003); *see also Ashann-Ra v. Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) (failure to comply with state's grievance procedure is not actionable under § 1983 and does not compromise an inmate's right of access to the courts).

Accordingly, to the extent Plaintiff claims Defendants Miller and Ping failed to following grievance procedures, or to favorably respond to Plaintiff's grievances, Plaintiff fails to state a claim. Moreover, it appears both Miller and Ping applied existing policy to Plaintiff's legal CDs and Plaintiff has not demonstrated that Miller or Ping were responsible for implementing the policy at issue. Plaintiff therefore fails to state a claim in Counts Two and Three.

. . . .

. . . .

### C.    Count Four

In Count Four, Plaintiff alleges Defendant Comacho failed to secure Plaintiff's property, which resulted in one of Plaintiff's CDs being lost or destroyed.  In *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), the Supreme Court held that due process is not violated when a state employee negligently deprives an individual of property, as long as the state makes available a meaningful postdeprivation remedy.  The availability of a common-law tort suit against the state employee constitutes an adequate postdeprivation remedy.  *Id.* at 534-35.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).    Further, Arizona provides meaningful and adequate postdeprivation remedies through both the prison grievance system and the state tort process.  *See Wright v. Riveland*, 219 F.3d 905, 918 (9th Cir. 2000) (both state tort claims and prison grievance procedures provide adequate postdeprivation remedies); Ariz. Rev. Stat. § 12-821.01; Arizona Dept. of Corrections Order 909.8.0.  That a prisoner "might not be able to recover under these remedies the full amount which he might receive in a § 1983 action is not . . . determinative of the adequacy of the state remedies." *Hudson* 468 U.S. at 535.  Accordingly, Plaintiff has failed to state a claim in Count Four.

### D.    Count Five

Plaintiff's factual allegations in Count Five are duplicative of his claims in Counts One through Four.  To the extent Plaintiff claims Defendants "trespassed on his case," and intends to argue that they interfered with case, his assertions are encompassed by his access to courts claims; there is no separate cause of action under the tort of trespass.  The Court will therefore dismiss Count Five as duplicative of Counts One through Four.

### V.    Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails

to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

In each count, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

A first amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## VI. Warnings

### A. Release

If Plaintiff is released while this case remains pending, and the filing fee has not

been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a *non*-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.    Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

. . . .

. . . .

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $7.74.

(3) The Complaint (Doc. 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(5) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 12th day of March, 2020.

Michael T. Liburdi
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.   You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed in forma pauperis to:**

Phoenix & Prescott Divisions:          **OR**          Tucson Division:
U.S. District Court Clerk                                U.S. District Court Clerk
U.S. Courthouse, Suite 130                               U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10                       405 West Congress Street
Phoenix, Arizona   85003-2119                            Tucson, Arizona   85701-5010

7.   Change of Address.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   Certificate of Service.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
     A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
> Name:      _____
> Address:_____
>                 Attorney for Defendant(s)
>
> _____
> (Signature)

9.   Amended Complaint.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint.   LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   Exhibits.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   Letters and Motions.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  *See* 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. _____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
      ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
      ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
      ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B. DEFENDANTS

1. Name of first Defendant: _____. The first Defendant is employed
as: _____ at_____.
(Position and Title)                                        (Institution)

2. Name of second Defendant: _____. The second Defendant is employed as:
as: _____ at_____.
(Position and Title)                                        (Institution)

3. Name of third Defendant: _____. The third Defendant is employed
as: _____ at_____.
(Position and Title)                                        (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed
as: _____ at_____.
(Position and Title)                                        (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

    a. First prior lawsuit:
       1. Parties: _____ v. _____
       2. Court and case number: _____.
       3. Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

    b. Second prior lawsuit:
       1. Parties: _____ v. _____
       2. Court and case number: _____.
       3. Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

    c. Third prior lawsuit:
       1. Parties: _____ v. _____
       2. Court and case number: _____.
       3. Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
_____ .

2.  **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____ .

3.  **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.  **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .

5.  **Administrative Remedies:**
   a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                         ☐ Yes          ☐ No
   b.  Did you submit a request for administrative relief on Count I?        ☐ Yes          ☐ No
   c.  Did you appeal your request for relief on Count I to the highest level?  ☐ Yes          ☐ No
   d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____ .

**COUNT II**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
    ☐ Basic necessities             ☐ Mail                  ☐ Access to the court         ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property              ☐ Exercise of religion        ☐ Retaliation
    ☐ Excessive force by an officer ☐ Threat to safety      ☐ Other: _____.

3.  **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                          ☐ Yes      ☐ No
    b.  Did you submit a request for administrative relief on Count II?          ☐ Yes      ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level? ☐ Yes      ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____
_____ .


2.  **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
  ☐ Basic necessities        ☐ Mail        ☐ Access to the court      ☐ Medical care
  ☐ Disciplinary proceedings     ☐ Property      ☐ Exercise of religion      ☐ Retaliation
  ☐ Excessive force by an officer    ☐ Threat to safety   ☐ Other: _____ .


3.  **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what
**each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without
citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .


4.  **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .


5.  **Administrative Remedies.**

  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
      your institution?                                                 ☐ Yes     ☐ No
  b.   Did you submit a request for administrative relief on Count III?        ☐ Yes     ☐ No
  c.   Did you appeal your request for relief on Count III to the highest level?    ☐ Yes     ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
      did not. _____
      _____ .


**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____          _____
                            DATE                                                  SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.