WO

KM

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Bennett Laquan Williams,

No.  CV 20-00068-PHX-MTL (DMF)

Plaintiff,

v.

**ORDER**

Charles L. Ryan, et al.,

Defendants.

On January 10, 2020, Plaintiff Bennett Laquan Williams, who is confined in the Arizona State Prison Complex-Eyman, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis.  In a March 12, 2020 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On March 23, 2020, Plaintiff filed a First Amended Complaint (Doc. 8).  The Court will order Defendant Ryan to answer the First Amended Complaint.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II.   First Amended Complaint

In his one-count First Amended Complaint, Plaintiff seeks money damages from Defendant former Arizona Department of Corrections (ADC) Director Charles Ryan. Plaintiff alleges violations of his First Amendment right to access to the courts and claims that on April 11, 2018, pursuant to a state court order in Plaintiff's criminal case, Plaintiff's advisory counsel sent Plaintiff compact discs (CDs) containing evidence relevant to

Plaintiff's state Rule 32 petition.  Plaintiff claims paralegal Betty Ulibarri[1] confiscated the CDs as contraband under Department Order (DO) 914.70 because they contained semi-nude photos.  Plaintiff states the photos were "old back page ads that were used in his court case" and argues that "pursuant to DO 914.6.18(B), a legal publication taken from a court case shall not be withheld if the unauthorized content is reasonably necessary to understand the fundamental legal issue."

Plaintiff filed a grievance claiming Ulibarri "violated this policy by confiscating the CD evidence," and although he exhausted the grievance process, he was denied relief.  Plaintiff filed a motion in state court for an extension of time to file a Rule 32 petition and for full discovery.  Plaintiff was granted an extension of time to file his Rule 32 petition, but never received the CDs.  Plaintiff asserts that on August 10 and December 27, 2018, the trial court ordered "Plaintiff[']s 15.1 discovery to him so he [could] meet filing deadlines deprived by Defendants Charles Ryan, Betty Ulibarri."  Plaintiff claims he was never provided with his legal materials, "which caused prejudice/or deliberate indifference to his rights to due process and access to the courts."  Plaintiff claims he was forced to file the Rule 32 petition challenging jurisdiction, but it was denied.

Plaintiff asserts he was arrested on March 2, 2016, but his plea agreement shows an additional charge from May 12, 2016.  Plaintiff claims "that without investigating the 3 CDs he is unable to come to a conclusion if the photos after Mar. 2, 2016 even pertain to his case" because "women in this type of business often photo shop pictures to elude law enforcement and hide their identity.  Plaintiff asserts he had "good cause to raise claims to challenge back page ads for 'identification,' 'dates,' 'times,' and 'locations' of alleged acts."

Plaintiff argues his Fourth Amendment rights were violated "when staff reviewed and seized 3 CDs sent to him from his advisory attorney to prepare a Rule 32 Appeal."  Plaintiff also contends "inmates investigating and litigating their own appeals doesn't rise

---

[1] Plaintiff has filed separate claims against Ms. Ulibarri in CV 18-02274-PHX-MTL (DMF).

to the level of disrupting day to day operations of the institution, nor pose a threat to the security of this prison."

Plaintiff states on that on April 30, 2018, he started the grievance process, "properly putting the administration/director's office on notice."  Plaintiff asserts that his grievance notified the administration that his legal property was seized; the trial court ordered officials to allow Plaintiff to have the property; Plaintiff's advisory attorney mailed the property to Plaintiff; Plaintiff was in middle of preparing his Rule 32 petition; Plaintiff was self-represented and therefore entitled to evidence in his case file; Plaintiff was required to meet filing deadlines; "that by policy they know what type of CDs are exempt from DO 914.70 referencing to DO 914.6.18(B); and that staff's actions violated Plaintiff's constitutional rights.  Plaintiff contends Defendant Ryan "was put on notice that the policies he has in place are being misapplied/or [undermined]" and had a duty address the issues in the grievance and to prevent arbitrary enforcement of policies by properly training staff.  Finally, Plaintiff contends Defendant Ryan denied Plaintiff access to the court "by violating his own policy."

**III.   Failure to State a Claim**

    **A.   Official Capacity Claim**

A suit against a defendant in his or her *individual* capacity seeks to impose personal liability upon the official. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  For a person to be liable in his or her individual capacity, "[a] plaintiff must allege facts, not simply conclusions, that show that the individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  By comparison, a suit against a defendant in his or her *official* capacity represents only another way of pleading an action against the entity that employs the defendant. *Kentucky*, 473 U.S. at 165.  That is, the real party in interest is not the named defendant, but the entity that employs the defendant. *Id.*  To bring a claim against an individual in his official capacity, a plaintiff must show that the constitutional deprivation resulted from the entity's policy,

custom, or practice.  *Id.*; *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978).

Although Plaintiff has named Defendant Ryan in both his individual and official capacities, Plaintiff's allegations fail to show that a policy or practice resulted in his alleged injuries.  To the contrary, Plaintiff alleges he was injured because ADC officials failed to properly apply established policies.  Further, Defendant Ryan is no longer the Director of the ADC, and the Court will not substitute the current Director with respect to the official capacity claims because Plaintiff cannot maintain a lawsuit for damages against the ADC Director in his official capacity.  *See Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("State officials sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them.");  *see also Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991).  The Court will therefore dismiss Plaintiff's official capacity claims.

**B.     Fourth Amendment Claim**

Plaintiff argues his Fourth Amendment rights were violated "when staff reviewed and seized 3 CDs sent to him from his advisory attorney to prepare a Rule 32 Appeal."  In addition to the fact that Plaintiff fails to link Defendant Ryan to this conduct, the Fourth Amendment does not protect an inmate from the seizure of his property.  *Hudson v. Palmer*, 468 U.S. 517, 528 n.8 (1984); *see also Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989) (no Fourth Amendment claim arose from seizure, conversion, and destruction of inmate's assets).  Thus, the Court will dismiss Plaintiff's Fourth Amendment claim.

**IV.   Claims for Which an Answer Will be Required**

Liberally, construed, Plaintiff has adequately stated a First Amendment claim for denial of access to the courts against Defendant Ryan in his individual capacity.  The Court will require Defendant Ryan to answer the First Amended Complaint.

. . . .

. . . .

. . . .

## V.    Warnings

### A.    Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

### B.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.    Copies

Because Plaintiff is currently confined in an Arizona Department of Corrections unit subject to General Order 14-17, Plaintiff is not required to serve Defendant with a copy of every document he files or to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4.  Plaintiff may comply with Federal Rule of Civil Procedure 5(d) by including, with every document he files, a certificate of service stating that this case is subject to General Order 14-17 and indicating the date the document was delivered to prison officials for filing with the Court.

**If** Plaintiff is transferred to a unit other than one subject to General Order 14-17, he will be required to: (a) serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files, and include a certificate stating that a copy of the filing was served; and (b) submit an additional copy of every filing for use by the Court. *See* Fed. R. Civ. P. 5(a) and (d); LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

. . . .

**D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Fourth Amendment claim and official capacity claim against Defendant Ryan are **dismissed**.

(2)    Defendant Ryan must answer the First Amendment access to courts claim in his individual capacity.

(3)    The Clerk of Court must send Plaintiff this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendant Ryan.

(4)    Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(6)    The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(7)    The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order.

. . . .

(8)     If Defendant agrees to waive service of the Summons and First Amended Complaint, Defendant must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(9)     The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)     personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)     within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10)    Defendant must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

. . . .

. . . .

. . . .

TERMPSREF

1    (11)    This matter is referred to Magistrate Judge Deborah M. Fine pursuant to
2    Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as
3    authorized under 28 U.S.C. § 636(b)(1).
4    Dated this 15th day of April, 2020.

*Michael T. Liburdi*

Michael T. Liburdi
United States District Judge